UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-30071-RGS

ELIZABETH L. ROWE

v.

WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS
CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY
AS TRUSTEE FOR BCAT 2014-4TT

MEMORANDUM AND ORDER ON
APPELLEE'S MOTION TO DISMISS

October 30, 2018

STEARNS, D.J.

Elizabeth Rowe is appealing a Bankruptcy Court order granting Wilmington Savings Fund Society, FSB,[1] relief from the automatic stay of creditor proceedings. Wilmington moves to dismiss the appeal.[2] For the reason to be explained, Wilmington's motion to dismiss will be allowed.

## BACKGROUND

The facts, viewed in the light most favorable to Rowe as the nonmoving party, are as follows. Wilmington was the holder of a first mortgage on

---

[1] Wilmington is doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT2014-4TT.

[2] Rowe has not filed an opposition to Wilmington's motion.

Rowe's property located at 22 Pasadena Street in Springfield, Massachusetts.[3] On December 1, 2017, Rowe filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code, which triggered an automatic stay of creditor proceedings against her property. 11 U.S.C. § 362(a). On March 27, 2018, Wilmington filed a motion for relief from the automatic stay under 11 U.S.C. §§ 362(d)(1)-(2). Wilmington alleged that a March 2009 payment on the mortgage remained outstanding, and that, in any event, Rowe has no equity in the property because it is under water. (The property is currently appraised at $119,503, while the outstanding mortgage totals $270,232.) Wilmington Br. (Dkt # 9) at 2. On April 26, 2018, the Bankruptcy Court heard oral arguments and granted Wilmington's motion, noting that "the documents attached to [the] motion [were] sufficient to establish that the movant [had] a colorable claim to the property." *Id.* at 3. On May 10, 2018, Rowe appealed the order to this court. Rowe, however, did not file a motion to stay the order pending appeal. On September 27, 2018, Wilmington conducted a foreclosure sale and purchased the property.

---

[3] Rowe alleges, however, that Wilmington did not possess a valid mortgage note because of, among other things, "breaks in the chain of title" and Wilmington's "unclean hands." Rowe Reply Br. (Dkt # 10) at 2-3.

## DISCUSSION

"Mootness is a jurisdictional defect, rooted in Article III case or controversy considerations." *Horizon Bank & Tr. Co. v. Massachusetts*, 391 F.3d 48, 53 (1st Cir. 2004). "The doctrine of mootness enforces the mandate 'that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed.'" *Mangual v. Rotger-Sabat*, 317 F.3d 45, 60 (1st Cir. 2003), quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974). A case is moot when a court cannot give "'any effectual relief whatever'" to the potentially prevailing party. *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992), quoting *Mills v. Green*, 159 U.S. 651, 653 (1895).

Rowe makes three main arguments. First, she argues that Wilmington did not own an enforceable note against her property because there were gaps in the chain of title. Rowe Reply Br. (Dkt # 10) at 5. Second, she argues that the Bankruptcy Court erred by refusing to order a show cause hearing. She alleges that Wilmington was ineligible for relief because it had dirtied its hands by its involvement in "a table-funded loan." Rowe Br. (Dkt # 8) at 16. Third, she argues that the Bankruptcy Court erred by adjudicating a "non-core" issue over which it had no jurisdiction. *Id.* at 18.

3

Whatever the merits of these arguments, the appeal is now moot as Rowe no longer owns the disputed property. *See In re Soares*, 187 F.3d 623, 623 (1st Cir. 1998) (unpublished table decision) ("[T]he property's sale has rendered the appeal moot. Generally, when the debtor fails to obtain a stay pending appeal of the bankruptcy court's . . . order setting aside an automatic stay and allowing a creditor to foreclose on property, the subsequent foreclosure and sale of the property renders moot any appeal.") (internal citations and quotation marks omitted). Rowe could have sought to stay the Bankruptcy Court order pending appeal. *See In re Lomagno*, 429 F.3d 16, 17 (1st Cir. 2005) ("[W]hen the petition giving rise to the stay is dismissed, the stay terminates immediately, and creditors may proceed with foreclosure. . . . The Federal Rules of Bankruptcy Procedure provide that a debtor may seek a stay pending appeal.") (internal citations omitted). By failing to do so, Rowe left Wilmington free to conduct the foreclosure sale and render her appeal of the Bankruptcy Court's order moot as a result. *Horizon Bank & Tr. Co.*, 391 F.3d at 53 ("[A] case not moot at the outset can become moot because of a change in the fact situation underlying the dispute . . . .").

## ORDER

For the foregoing reason, Wilmington's motion to dismiss the appeal is <u>ALLOWED</u>. The Clerk will enter judgment for Wilmington and close the case.

SO ORDERED.

<u>/s/ Richard G. Stearns      </u>
UNITED STATES DISTRICT JUDGE